IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ALAN CONROY, #42054-177, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00750-SMY |
| | ) |
| UNITED STATES, | ) |
| FEDERAL BUREAU OF PRISONS, and | ) |
| BILLY MINNER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John Alan Conroy, an inmate in the United States Penitentiary at Marion Correctional Center ("Marion") brings this *pro se* action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Conroy alleges that in June 2016 he was moved from a three person cell to a single cell in the Sex Offender Management Unit. On the unit, fellow inmate Billy Minner has engaged in a course of harassing conduct that has caused Plaintiff to fear for his safety and the security of his personal property. In connection with his claims, the Plaintiff has named the United States, the Federal Bureau of Prisons ("BOP"), and inmate Minner. He seeks injunctive relief moving Minner away from sex offenders, directing the United States Attorney to investigate Minner and requiring the BOP to review its policies and procedures. He also seeks punitive damages and attorney's fees.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations in the Complaint, the Court finds that Plaintiff's claims are subject to dismissal under § 1915A.

## **The Complaint**

Conroy alleges that in June 2016 he was moved from a three man cell in N-unit to a single cell in G-unit (Doc. 1 at 5). He was located in the Sex Offender Management Program (SOMP) at the facility, because he was convicted of a sex offense (*Id.*). He alleges that the BOP allowed inmates to have access to records about his offense of conviction by way of the publication of court opinions on library computers (*Id.*). He also alleges that the information published was false, and that he has a claim of actual innocence (*Id.*).

Plaintiff claims that when he arrived at his new cell on G-unit, Defendant Minner began harassing him by telling him he had no vote on the white TV (*Id.* at 7). When Conroy exhibited interest in the television, Minner would disable it (*Id.*). Minner also harassed Conroy, saying he should be "cut up like that girl." (*Id.*). Minner has worked to spread the word and to create a hostile environment for Conroy and other inmates (*Id.*). Minner possesses no specific authority to create rules or to harass others, but he has not been prevented from doing so (*Id.*).

Conroy further alleges that he is not allowed to have visitors at his cell, though he does not indicate why he has this ban (*Id.* at 7). Each time he leaves his cell, he fears that when he returns his belongings will be gone because his belongings were stolen in the past by fellow inmates (*Id.* at 7, 11).

Conroy asserts that the United States and the BOP are responsible for the harassment because they create an environment conducive to harassment by facilitating public access to case records (*Id.* at 8). He claims that this constitutes cruel and unusual punishment, in violation of the Eighth Amendment (*Id.*).

In support of his Complaint, Conroy appended an affidavit wherein he recounted the same essential facts contained in his Complaint (*Id.* at 12-13).

**Discussion**

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment failure to protect claim against the BOP and the United States for allowing access to case records that led to harassment by fellow inmates;

**Count 2:** Eighth Amendment harassment or cruel and unusual punishment claims against inmate Minner for a course of harassing and intimidating conduct, including harassment about the nature of Plaintiff's offense of conviction.

Counts 1 and 2 will be dismissed with prejudice for failure to state a claim upon which relief may be granted. All Defendants are dismissed from this action.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), the United States Supreme Court held that "prison officials have a duty…to protect prisoners from violence at the hands of other prisoners." However, not every risk of harm gives rise to a constitutional liability to protect. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2011). Plaintiff must make a two-part showing: 1) that there was a serious risk of peril; and, (2) that the liable individual easily could

have done something to avert the risk, but did not do so. *Id.*

A condition may be serious if it poses a substantial risk of serious harm. *See Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). A threat to an inmate's physical safety may constitute a serious risk. *James*, 956 F.2d at 699. However, a threat such as the pure fact of being housed in a high risk wing is not a sufficient threat to constitute a failure to protect. *See Shields v. Dart,* 664 F.3d 178, 181 (7th Cir. 2011) (finding that defendants did not fail to protect an inmate by housing him in a high risk area where he failed to demonstrate a *specific* threat to his personal safety). A risk of harm is only serious if there is a strong likelihood that, absent action, harm will occur. *Pinkston*, 440 F.3d at 889.

Subjectively, a plaintiff must prove that prison officials were aware of a specific, impending, and substantial threat to his safety and choose to refrain from acting. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (noting that a jury was entitled to rely on evidence that a captain knew of a risk to an inmate and a pending transfer request, but failed to act on the request in finding that the captain failed to protect the inmate). Additionally, a defendant's willingness to take affirmative steps to stop a dangerous situation is relevant to whether that defendant showed deliberate indifference. *See Shields*, 664 F.3d at 181 (noting that a guard was not required to personally intervene in a fight, and could take sufficient action by calling for back up).

In addition to demonstrating the necessary factual and legal predicates to state a claim, the Plaintiff must also identify a proper defendant. A *Bivens* action requires personal liability. "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

Under these standards, Plaintiff's Complaint fails to state a feasible claim against the BOP or the United States. First, Plaintiff has not clearly identified a serious risk to his safety. Being housed in a particular wing, even a wing for dangerous offenders, does not constitute a serious risk. *See Shields,* 664 F.3d at 181. Plaintiff also has not identified any substantial threats to his physical well-being made by inmate posed by Minner.

Second, Plaintiff has not made any showing that the BOP or the United States was aware of any threat to him. By his allegations, Plaintiff suggests that the BOP and United States should inherently be aware of risks to him because they give fellow inmates access to case records, but the causal link—if any—between access to records and a threat to safety is too tenuous to establish a failure to protect. Even assuming that Minner's behavior posed a threat and that the BOP and United States knew about it, neither of those defendants are proper defendants in a *Bivens* action. Government agencies do not fall within the definition of "person" as contemplated by *Bivens* actions. *Correctional Serv. Corp.*, 534 U.S. at 72. Accordingly, Defendants BOP and United States will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 2

As to Defendant Minner, he is also not a proper defendant as contemplated by *Bivens* or 28 U.S.C. § 1331. Under section 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Bivens* provides a mechanism similar to 28 U.S.C. § 1983, whereby a Plaintiff may seek to recover against a *state* actor for a violation of his constitutional rights. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). Minner is not a government actor, and thus, claims against him are not properly brought under *Bivens*. "To state a claim under § 1983, a plaintiff must allege the violation of a

right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Minner, Plaintiff's fellow inmate, was not acting under color of state law by engaging in harassing or annoying behavior. Accordingly, the claim against Defendant Minner will be dismissed with prejudice for failure to state a claim upon which relief may be granted. This dismissal is not a reflection on the potential merits of any underlying claim against Minner, it is merely an indication that no claim may proceed under the legal theory identified.

### Pending Motions

Plaintiff has filed a Motion to File Under Seal (Doc. 3). This motion will be **DENIED** as moot in light of the dismissal of this action.

Plaintiff has also filed a Motion to Amend his Complaint (Doc. 12), as well as an Amended Complaint (Doc. 13). Plaintiff does have the opportunity to amend once as a matter of course per Fed. R. Civ. P. Rule 15(a). The Court could construe his filings (Docs. 12 & 13) as his one amendment as of right, but rather than doing so, the Court finds that the Plaintiff could benefit from the opportunity to review this Order and to compose a fresh amended complaint. Accordingly, the Court hereby **DENIES** the Motion to Amend (Doc. 12) and the Amendment (Doc. 13) as moot. The Plaintiff is free to file an amended complaint as set forth below.

### Disposition

**COUNTS 1 AND 2 are DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. All Defendants are dismissed.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this Order. The amended complaint shall identify the individual Defendant or Defendants responsible for the

alleged unconstitutional actions and how those individuals were personally and directly involved in the alleged unconstitutional actions—keeping in mind that certain actors are not subject to suit. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. 1915(g). No service shall be ordered on any Defendant until after the Court completes its 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of the Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 9, 2016**

s/ STACI M. YANDLE
United States District Judge
