IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ALAN CONROY, #42054-177, <br><br> Plaintiff, <br><br> vs. <br><br> S. HENRY, DON WILLIAMS, TEXAS DEPARTMENT OF PUBLIC SAFETY, BIG SPRING POLICE DEPARTMENT, JOHN HOWARTH, IMMIGRATION AND CUSTOMS ENFORCEMENT, DAVID SLOAN, STEVEN S. SUCSY, WAYNE MCKIM, JUSTINE FLANAGAN, and JUDGE DAVID R. HERNDON, <br><br> Defendants. | Case No. 16−cv−750−JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff John Alan Conroy, an inmate in the United States Penitentiary at Marion Correctional Center ("Marion") brings this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, alleging that his civil rights were violated by federal and state officials in connection with his underlying criminal conviction.

This case is now before the Court for a preliminary review of the First Amended Complaint (Doc. 17 and 17-1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

This action does not survive preliminary review under the above standard.

## Background

**Underlying Criminal Conviction**

Plaintiff was arrested by state law enforcement officials on July 3, 2010, in Pecos County, Texas, for the alleged aggravated sexual assault of a child. *Conroy v. Barton, et al.,* No. 14-cv-74-C, Doc. 17 (N.D. Tex.). Plaintiff was subsequently interrogated by state officials and consented to a search of his travel trailer and residence. *Id*. Although Plaintiff was subsequently

indicted on four felony counts in the 118th Judicial District Court of Howard County, Texas, the state criminal cases were dismissed on April 30, 2014. *Id.*

A federal arrest warrant based on evidence discovered by the state officials in the search of Plaintiff's house and travel trailer was issued on July 19, 2010. *Id.* Plaintiff was arrested in relation thereto on July 20, 2010. *United States v. Conroy*, No. 10-cr-041-C-BG, Doc. 3 (N.D. Tex.). On December 16, 2010, Plaintiff pleaded guilty to production of child pornography (18 U.S.C. § 2251(a)) and receiving a visual depiction of a minor engaging in sexually explicit conduct (18 U.S.C. § 2252(a)(2)). *United States v. Conroy*, No. 10-cr-041-C-BG, Doc. 26, 27 (N.D. Tex.). In March 2011, he was sentenced to a total term of 405 months' imprisonment and is presently serving that sentence. *United States v. Conroy*, No. 10-cr-041-C-BG, Doc. 36 (N.D. Tex.).

For purposes of the plea agreement and sentencing, Plaintiff admitted that when he was left to care for his live-in girlfriend's children, he engaged in numerous sexual acts with the victim, who at the time was 7 years old. *Conroy v. United States*, 12-cv-15-C, Doc. 7 (N.D. Tex) (government's response to Conroy's § 2255 petition, citing to factual résumé and the presentence report, which was adopted by the sentencing court). Additional details regarding Plaintiff's abuse of the minor victim are not necessary to resolve the matter presently before the Court. Accordingly, the Court will not delve any further into the specifics of the victim's abuse.

**28 U.S.C. § 2255 Petition in the Northern District of Texas**

Consistent with the plea agreement, no direct appeal was taken. On February 1, 2012, Plaintiff filed his first § 2255 petition. *Conroy v. United States*, 12-cv-15-C, Doc. 1 (N.D. Tex). Plaintiff argued that "counsel rendered ineffective assistance by failing to share discovery materials with him, to move to suppress evidence, and to advise him of his sentencing exposure;

that his plea was unknowing and involuntary; and that evidence was seized in a search that was illegal because it was the result of coercion." *Id.* at Doc. 20. The petition was denied and the Fifth Circuit denied certification of his appeal. *Id.* Plaintiff subsequently filed two applications for permission to seek successive collateral review: Both were denied. *Conroy v. Walton,* No. 16-1556 (7th Cir. Sept. 12, 2016) (summarizing Plaintiff's post-conviction litigation).

**Prior § 1983 Actions in the Northern District of Texas**

In August 2013, Plaintiff filed a § 1983 action against Texas police officials alleging threats and coercion during their investigation of him. *Conroy v. Rider et al.,* No. 13-cv-149-C, Doc. 1 (N.D. Tex.). The district court decided the claims were frivolous and dismissed the action. *Id.* at Doc. 5. The Fifth Circuit affirmed the dismissal and assessed two strikes under the Prison Litigation Reform Act ("PLRA"). *Conroy v. Rider*, 575 F. App'x 509, 510 (5th Cir. 2014) (unpublished) ("The district court's dismissal of Conroy's complaint and our dismissal of this appeal as frivolous each counts as a strike under § 1915(g). Conroy is cautioned that if he receives a third strike under § 1915(g) he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury.'") (internal citation omitted).

On May 5, 2014, Plaintiff filed a second civil action pursuant to § 1983. *Conroy v. Barton et al.,* No. 14-cv-74-C, Doc. 1 (N.D. Tex.). In that action, Plaintiff alleged Texas officials violated his due process rights and conspired to conceal illegal activities by refusing to provide him with copies of records obtained in his state criminal investigation. *Id.* at Doc. 17 p. 4. On June 11, 2015, the "action and all claims alleged therein" were dismissed with prejudice as frivolous and for failure to state a claim. *Id.* p. 8. Further, the court informed Plaintiff that the dismissal counted "as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*,

4

103 F.3d 383 (5th Cir. 1996)." *Id.* Judgment was entered the same day. *Id.* at Doc. 18. Nearly a year later, on May 12, 2016, Plaintiff filed a Rule 60(b) motion to reconsider. *Id.* at Doc. 19. On February 9, 2017, the district court entered an order denying the motion without providing a basis for the denial. *Id.* at Doc. 19, 41.

**28 U.S.C. § 2241 Petition in the Southern District of Illinois**

In May 2015, Plaintiff initiated a § 2241 action in the Southern District of Illinois. *See Conroy v. Walton*, Case No. 3:15-cv-528-DRH (filed May 11, 2015). Plaintiff's primary argument was that a SANE report demonstrated the victim's alleged injuries were false. *Id.* at Doc. 13. Plaintiff raised additional arguments pertaining to alleged legal errors in his conviction and sentencing. *Id.* Plaintiff's petition was dismissed on the merits, with prejudice. *Id.* The Seventh Circuit affirmed the dismissal on appeal. In affirming, the Seventh Circuit Court of Appeals noted as follows:

> Conroy mainly complains that the courts have refused to order the production of evidence he says would prove his claims. But Conroy already litigated the government's delay in providing him with the nurse's report in his first § 2255 motion. And he has repeatedly litigated his claims that the police coerced his consent to search and his confession. Section 2241 is not appropriately invoked to appeal the decisions of courts in a different circuit, and the district court here in no way erred in refusing to order production of evidence underlying barred claims. Conroy has not shown that § 2255 was inadequate to test the legality of his conviction.

*Id.* at p. 2.

**Procedural History – Instant Litigation**

On July 6, 2016, Plaintiff filed his original Complaint in the instant litigation. (Doc. 1). Plaintiff alleged that, after being moved from a three person cell to a single cell, he was subject to harassment from other inmates because information pertaining to his underlying crime was discussed in the order denying Plaintiff's § 2241 petition and was publically available to other

5

inmates. (Doc. 1, p. 5). Specifically, Plaintiff alleged that fellow inmate Billy Minner was harassing Plaintiff and causing Plaintiff to fear for his safety and personal property. (Doc. 1, pp. 5, 7, 11). Plaintiff alleged Minner refused to let Plaintiff watch television, did not allow Plaintiff to have visitors in his cell, told other inmates that Plaintiff deserved to be "cut", and spread exaggerated rumors about the facts of Plaintiff's underlying crime. In connection with these allegations, Plaintiff named the United States, the Federal Bureau of Prisons, and inmate Minner. He sought injunctive relief moving Minner away from sex offenders, directing the United States to investigate Minner and requiring the BOP to review its policies and procedures. He also sought punitive damages and attorney's fees. Plaintiff also filed a motion seeking a temporary restraining order and/or emergency injunctive relief. (Doc. 2). On August 11, 2016, the Court issued an order denying Plaintiff's request. (Doc. 9).

On November 9, 2016, the Court dismissed Plaintiffs' claims. (Doc. 14). The Court concluded that Plaintiff failed to state a claim for which relief could be granted. Additionally, the Court concluded that the named defendants were not appropriate defendants. Accordingly, the named defendants were dismissed with prejudice. However, the Court allowed Plaintiff until December 14, 2016, to file an amended complaint. (Doc. 14, pp. 7-9).

**First Amended Complaint**

In his First Amended Complaint (Doc. 17 and 17-1), Plaintiff names numerous defendants who are connected to either (1) Plaintiff's underlying conviction (Detective Henry - Big Spring Texas Police Department; Don Williams – Texas Ranger; Texas Department of Public Safety; Big Spring Police Department; ICE Special Agent John Howarth; Immigration and Customs Enforcement; Public Defender David Sloan; U.S. Attorney Steven S. Sucsy; and U.S. Probation Officer Wayne McKim) ("Criminal Conviction Defendants") or (2) Plaintiff's

6

subsequent habeas litigation in the Southern District of Illinois (Justine Flanagan – Clerk of the Court and Judge David R. Herndon – Presiding Judge) ("Habeas Defendants").

With regard to his conviction, Plaintiff alleges that the charges against him were false, the facts underlying his conviction and sentence were false, not supported by the evidence, and/or can be disproven,[1] facts supporting Plaintiff's innocence were withheld or ignored, and Plaintiff's guilty plea was not knowing or voluntary. In other words, Plaintiff alleges that he was wrongfully convicted. Plaintiff contends that the Criminal Conviction Defendants contributed to his wrongful conviction in various ways.

The order dismissing Plaintiff's § 2241 petition discussed the details of Plaintiff's underlying conviction. Plaintiff disputes the accuracy of the order and contends that the order relayed facts that were false, never proven, and not supported by the evidence. According to Plaintiff, other inmates have read the publicly available order and Plaintiff is now in danger because of the falsities contained therein. Plaintiff contends that the Habeas Defendants are subject to liability for allowing false information to be published in the public domain.

In connection with these claims, Plaintiff seeks injunctive relief (asking the Court to order redaction of "published materials that falsely accuse [Plaintiff] of a violent rape that medical evidence refutes") and any other relief the Court deems necessary. (Doc. 17, p. 6).

## Preliminary Matters

**IFP Status**

Prior to proceeding with a preliminary screening of the First Amended Complaint, the Court must address Plaintiff's IFP status. Plaintiff's IFP Motion (Doc. 4) was granted pursuant to an Order dated July 28, 2016. (Doc. 8). As is discussed more fully below, subsequent

---

[1] For instance, Plaintiff alleges the victim's SANE report establishes that any allegations pertaining to vaginal or anal rape of the victim "could not have physically nor medically occurred." (Doc. 17-1, p. 1).

7

research[2] reveals Plaintiff acquired 3 strikes under 1915(g) prior to commencing the instant action. As noted above, Plaintiff was assessed two strikes in relation to *Conroy v. Rider*, 2013 WL 12092200 (N.D. Texas Sept. 5, 2013). *See Conroy v. Rider,* 575 F. App'x 509, 510 (5th Cir. 2014) (assessing two strikes under the PLRA and warning Plaintiff about future frivolous submissions). *See also Conroy v. Walton,* 16-1556 (7th Cir. Sept. 12, 2016) (noting that Conroy had acquired two strikes). Plaintiff's third strike was assessed in *Conroy v. Barton et al.*, No. 14-cv-74-C, Doc. 1 (N.D. Tex.) when the district court dismissed the action as frivolous on June 11, 2015.[3]

Accordingly, prior to commencing this action, Plaintiff "struck out" by filing 3 or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury. Therefore, the Court must assess whether Plaintiff meets the imminent danger statutory exception.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat of serious physical injury. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id*. A plaintiff has not sufficiently

---

[2] The Court has reviewed publically available court documents via the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). The Court can take judicial notice of these records. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[3] The dismissal of this action counts as a prior qualifying strike despite the fact that Plaintiff filed a Rule 60(b) motion to reconsider in May 2016. *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1761 (2015) (qualifying dismissal under § 1915(g) counts as a strike unless and until the dismissal is overturned); *Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (a district court's issuance of a third strike counts even if the judgment is being challenged on appeal).

alleged imminent danger where she states a past injury that has not recurred. *Id*. "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

A majority of the allegations in Plaintiff's pleadings do not support a finding of imminent danger. Specifically, the allegations lack specificity,[4] involve unrelated past injuries,[5] do not involve the threat of *physical* injury,[6] and/or involve harm occurring *after* Plaintiff filed this action.[7] However, Plaintiff does allege that, at the time of filing, he was being harassed and threatened by Billy Minner – a fellow inmate. Plaintiff alleges that Minner has a history of harassing sex offenders. According to Plaintiff, Minner fixated on Plaintiff after he gained access to the order denying Plaintiff's § 2241 petition, which included details of Plaintiff's underlying conviction (details Plaintiff maintains are false). Plaintiff contends that Minner has attempted to incite violence against Plaintiff by disclosing the details of Plaintiff's underlying conviction to other prisoners and at one point told other prisoners that Plaintiff "needs to be cut up like that girl." The Court finds that this is sufficient to allow Plaintiff to proceed under the imminent danger exception.

---

[4] Plaintiff generically alleges that "[s]everal altercations have happened since the publication of these false allegations by the court." (Doc. 17-1, p. 7).
[5] Plaintiff references an assault occurring in 2012 that is unrelated to the allegations in the present action. (Doc. 17-1, p. 7; Doc. 2, p. 3).
[6] Plaintiff alleges that another inmate does not allow him to watch television and prevents him from having visitors. (Doc. 1, p. 7). Additionally, Plaintiff alleges he fears his personal property will be stolen every time he leaves his cell. *Id.*
[7] In his First Amended Complaint, Plaintiff alleges that *after* he filed the instant action he has been threatened with a weapon and that an inmate threatened to wrap a typewriter around his head because Plaintiff "cut up a little girl so [he] could have sex with her." (Doc. 17-1, p. 7).

9

**False Statement Regarding Litigation History**

In this Court's standard complaint form, a plaintiff is directed to list any previous lawsuits he has brought relating to his imprisonment. The Court relies on this information in order to adhere to the 3-strike restriction in 28 U.S.C. § 1915(g). When setting forth his litigation history in his Complaint and First Amended Complaint, Plaintiff did not disclose *any* of his strikes.[8] Plaintiff is **WARNED** that failure to clearly disclose each of his strikes in future litigation may result in the imposition of sanctions that include dismissal of the action for attempting to commit fraud on the Court. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

**Abusive Filings**

On February 24, 2017, Plaintiff filed a pleading noting his objections to the Court's order of December 19, 2016. (Doc. 19). As Plaintiff has done in other pleadings, Plaintiff objects to the Court's recitation of the facts pertaining to his underlying criminal conviction. Plaintiff contends that certain facts are false, were never proven or can be disproven. Additionally, Plaintiff disputes whether specific acts were perpetrated on the minor victim and/or seeks to clarify the manner in which certain acts were carried out. As is discussed more fully below, these "objections" go to the heart of Plaintiff's underlying conviction and cannot be pursued at this time. The Court, however, admonishes Plaintiff for the vulgar language and abusive tone in

---

[8] In his original Complaint, Plaintiff disclosed a single case: Conroy v. Barton, et al., No. 14-cv-74-C, Doc. 17 (N.D. Tex.). Plaintiff stated that this action was pending and that he was awaiting a decision on a Rule 60(b) motion to reconsider. Plaintiff made the same disclosure in his First Amended Complaint. Plaintiff failed to disclose that, although a motion to reconsider was pending in 14-cv-74-C, the action had been dismissed as frivolous and a strike had been assessed. Plaintiff also failed to mention Conroy v. Rider et al., No. 13-cv-149-C, Doc. 1 (N.D. Tex.) or that he had received two strikes in relation to this case.

his pleading.[9]  The Court **WARNS** Plaintiff that such submissions to the Court are *never* tolerable.  Plaintiff is further **WARNED** that he will be sanctioned without further warning for any such future abusiveness in submissions to the Court, including striking of any submission containing abusive language and/or the imposition of a monetary penalty against Plaintiff.

### Analysis

The Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

>    **Count 1** – Challenges to Plaintiff's conviction and sentence as to Defendants Henry, Williams, Texas Department of Public Safety, Big Spring Police Department, Howarth, Immigration and Customs Enforcement, Sloan, Sucsy, and McKim.

>    **Count 2** – Claims pertaining to Plaintiff's § 2241 Petition as to Defendants Judge Herndon and Acting Clerk of the Court Justine Flanagan.

**Request for Injunctive Relief**

As noted above, Plaintiff seeks injunctive relief only.  Specifically, Plaintiff asks the Court to order redaction of "published materials that falsely accuse [Plaintiff] of a violent rape that medical evidence refutes."  Presumably, this request relates to Plaintiff's § 2241 petition and to pleadings filed in the Northern District of Texas.  The Court has no authority to order another judge, in a separate proceeding, to redact or seal documents in that proceeding.  Thus, Plaintiff's only requested relief is not within the purview of this Court's authority.  An incomplete demand for relief, however, does not warrant dismissal.  *See Jones v. Butler,* 663 F. App'x 468, 470 (7th

---

[9] Specifically, Plaintiff states "it really pisses me off that I keep getting accused of putting a razor in a child's anus then fucking them." (Doc. 19, p. 2).

Cir. 2016). Accordingly, the Court considers whether Plaintiff is entitled other relief with respect to Counts 1 and 2.

**Count 1**

Plaintiff's claims with respect to Count 1 – that the charges against him were false, that the facts underlying his guilty plea, conviction, and sentencing were false and/or unproven, that evidence demonstrating Plaintiff's innocence was withheld or ignored, that his guilty plea was not knowing or voluntary – all directly challenge the validity of the underlying criminal proceedings and ultimately, Plaintiff's conviction and sentence. Such claims cannot be maintained in a suit of this nature so long as Plaintiff's criminal conviction and sentence still stand. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

As is detailed above, Plaintiff's criminal conviction and sentence were affirmed on direct appeal and Plaintiff's collateral attacks have been unsuccessful. Accordingly, all of the claims included in Count 1 are barred by the *Heck* rule at this time.

Therefore, Count 1 shall be dismissed without prejudice as *Heck*-barred and for being legally frivolous.

**Count 2**

Plaintiff seeks relief based on the alleged errors in Judge Herndon's ruling denying his § 2241 petition. This ruling was issued in the course of Judge Herndon's duties as a judge, clearly implicating the doctrine of absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.2001). Because Judge Herndon's decisions and actions with regard to Plaintiff's § 2241 petition fall within the purview of absolute immunity for "judicial acts", this claim cannot be sustained.

Further, Flanagan, the Acting Clerk of the Court is entitled to quasi-judicial immunity with regard to Count 2. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436–38 (1993) (overruling that portion of *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), cert. denied, 493 U.S. 956 (1989), which held that court reporters and clerks were absolutely protected by judicial immunity); *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010).

Accordingly, Count 2 shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice as *Heck*-barred and because it is legally frivolous.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the entire action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted and/or as *Heck*-barred.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

Prior to commencing this action, Plaintiff "struck out" by filing 3 or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a

claim upon which relief may be granted. Accordingly, the dismissal of this case gives Plaintiff his fourth "strike." Therefore, if Plaintiff seeks to file any future civil action or appeal a judgment while he is a prisoner, he will not be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit or appeal he may file while incarcerated, or face dismissal of the action.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day

deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 12, 2017**

<pre>                                        <u>*s/J. Phil Gilbert*</u>
                                        **J. PHIL GILBERT**
                                        **United States District Judge**</pre>